# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANA D. DUNGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-00380-DGK |
| ANDREW SAUL,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Dana Dungan's application for supplemental security income under Title II of the Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments including fatigue, depression, anxiety, and bilateral ankle laxity. She also determined that, while Plaintiff had no past relevant work, she could perform other work as an electronics worker, touch-up screener, and suture winder.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The parties present the complete facts and arguments in their briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for benefits on June 24, 2016, alleging a disability-onset date of June 24, 2016. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 30, 2018, issued a decision

finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 30, 2019, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, courts consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* Courts must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial-evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). Courts may reverse the Commissioner's decision only if that decision falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

2

Case 4:19-cv-00380-DGK   Document 24   Filed 07/16/20   Page 2 of 8

determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence and erred at step five by failing to sustain her burden. These arguments are unavailing.

I. **The ALJ's evaluation of Plaintiff's physical RFC is supported by substantial evidence and is not legally flawed.**

It is the ALJ's responsibility, independent of the claimant, to develop a full and fair record. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quotation omitted). Thus, where a crucial issue is undeveloped by the claimant, the ALJ has a duty to "fully develop the record." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). However, this duty is not to be confused with the burden of persuasion at step four. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant . . . ."); *see Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987) (noting "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about [her] own medical condition" to bear the burden under 20 C.F.R. § 423(d) to furnish "such medical and other evidence" of disability).

Plaintiff first argues the ALJ erred by not obtaining additional evidence—a medical doctor's opinion—on which to base her physical RFC findings. Plaintiff intimates that in order to be considered fully developed, the record must contain a doctor's opinion discussing the claimant's functional limitations. This is not so. There is no bright-line rule requiring an ALJ to obtain any

---

determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

particular evidence before ruling so long as "the evidence in the record provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)); *see also Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) ("There is no bright[-]line rule indicating when the Commissioner has or has not adequately developed the record; rather such an assessment is made on a case-by-case basis.") (citation omitted).

Here the record provides a sufficient basis for the ALJ's decision. Plaintiff engages in a wide variety of daily activities that are both consistent with the ALJ's physical RFC findings and support the ALJ's finding that Plaintiff's symptoms are not nearly as severe as she alleges: She takes care of her disabled husband, provides most of the daily care for her granddaughter, prepares meals, vacuums, does laundry, shops, cleans house, smokes a half pack of cigarettes a day, and uses a treadmill for twenty minutes a day. R. at 23, 1279, 1493–94. And it is well settled that where a claimant's reported daily activities are inconsistent with the alleged debilitating symptoms, an ALJ may discount the severity of the allegations. *Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001) ("Allegations of pain may be discredited by evidence of daily activities inconsistent with such allegations.") (citing *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987)). Therefore, the ALJ properly discounted Plaintiff's subjective complaints, and—based on the medical records the ALJ thoroughly recited in her decision—had a sufficient foundation on which to base her RFC determination. R. at 19–24.

Next, Plaintiff argues the ALJ erred by failing to specifically discuss her alleged shoulder impairments and include any limitations on her ability to reach in the RFC. Although the record contains some reference to shoulder pain; s*ee* R. at 403, 406, 411, 420, 497, 505, 532; and it appears an x-ray exam of her shoulder was ordered in November of 2014; *see, e.g.*, R. at 860; what

the record shows is that although Plaintiff complained of shoulder pain at some examinations, not only was she never diagnosed with a shoulder impairment, her complaints were only inconsistently reported. And when Plaintiff was told she "needed a[n] MRI of her shoulder," she declined to get one. R. at 497, 512. When a claimant fails to follow a recommended course of treatment, an ALJ may discount her credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (citing *Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001)). Based on the record as a whole, Plaintiff failed to sustain her burden of demonstrating that her shoulder pain was either "medically severe" or limited her ability to reach. Thus, the ALJ did not err.

Finally, Plaintiff argues the ALJ erred by failing to assess her RFC on a function-by-function basis. An ALJ does not need to make explicit findings regarding every possible functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); *see also Nash v. Comm'n, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91. Although an ALJ may not ignore evidence or potential limitations, she is not required to "mechanically list and reject every possible [RFC] limitation." *See McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). Here, the ALJ made numerous findings as to Plaintiff's specific functional limitations—including her inability to climb ladders, ropes, or scaffolds and her limited ability to climb ramps and stairs—when formulating Plaintiff's RFC. R. at 18. Thus, the ALJ did not err.

Ultimately, then, the ALJ's RFC formulation with regards to Plaintiff's physical impairments is supported by substantial evidence.

**II.     The ALJ's evaluation of Plaintiff's mental RFC is supported by substantial evidence.**

When it comes to Plaintiff's mental health, she again argues the restrictions in the RFC are not supported by substantial evidence. Plaintiff argues that, while the ALJ determined she had severe impairments of anxiety, bipolar disorder, depression, and PTSD causing moderate

5

limitations in concentration, persistence, or pace, she failed to include any limitations on Plaintiff's abilities related to concentration, persistence, or pace in the RFC. This allegation is unavailing.

The ALJ considered Plaintiff's ability regarding "concentrating, persisting, or maintaining pace" and found a "moderate limitation." R. at 17. She noted Plaintiff "has problems completing tasks, concentrating, and following instructions," but that she had "fair or good" attention and concentration during exams. *Id.* This limitation appears in the RFC as limitations to "unskilled work at SVP 1 and SVP 2[2] . . . an occupation where she can complete tasks relatively independently . . . [and] be off-task 5 percent of the workday." R. at 18; *see Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (finding courts should "strive to harmonize [ALJ] statements where possible" and that "moderate impairments . . . in concentration, persistence, or pace . . . are consistent with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks"). Thus, the ALJ adequately considered Plaintiff's limitations in concentration, persistence, and pace.

Next, Plaintiff argues the ALJ improperly relied on the opinions of Marsha Toll, Psy.D., a state agency psychological consultant who neither examined Plaintiff nor had an opportunity to review the full record, and who gave her opinions two years before the ALJ issued her opinion. But an ALJ may consider the opinion of a state agency consultant who gives an opinion supported by the record as a whole, even when that consultant did not have access to the full record. *See Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) (finding no error in ALJ's consideration of opinion of physician review of incomplete record when considered "along with the medical

---

[2] "SVP" indicates the Specific Vocational Preparation and is defined in Appendix C of the *Dictionary of Occupation Titles* ("DOT") as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." An SVP of 1 requires only a short demonstration while an SVP of 2 includes "anything beyond short demonstration up to and including 1 month." *See* DOT, Appendix C.

evidence as a whole"). The ALJ was not in error when she considered Dr. Toll's medical opinion because that opinion was supported by the record as a whole.

### III. The ALJ met her burden at step five.

Finally, Plaintiff claims the ALJ erred at step five. First, she contends that because the ALJ's RFC was flawed, the hypotheticals posed to the testifying vocational expert ("VE") were necessarily also flawed. But, as discussed above, the RFC was supported by substantial evidence, and this argument is without merit.

Plaintiff next argues that because the ALJ precluded her from "concentrated exposure to hazards, including moving machinery, unprotected heights, and respiratory irritants," she cannot perform the job of electronics worker, one of the three positions the ALJ found she could perform. But the position of electronics worker does not require exposure to either moving mechanical parts or other environmental conditions. *See* DOT 726.687-010 (identifying as "not present" exposure to both moving mechanical parts, other environmental conditions, extreme weather conditions, and high exposed places).

Plaintiff's argument appears to be based on a typographical error in the ALJ's decision: The ALJ stated Plaintiff could perform the job of "electronics worker," but she cited to DOT 726.687-046, the designation for a "wafer breaker, semiconductors," a position which involves "occasional" exposure to both moving mechanical parts and other environmental conditions.

While the citation error is unfortunate, it does not change the fact that the position of electronics worker is consistent with Plaintiff's RFC. But, even if the Court were to exclude the position, Plaintiff raises no concerns regarding her ability to work in the other two jobs the ALJ found she could perform, touch-up screener and suture winder, and the ALJ found these positions

exist in sufficient numbers in the national economy.  R. at 24.  Thus, the ALJ met her burden to show other jobs in the economy that Plaintiff can perform.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 16, 2020 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT